RECEIVED
MAR 19 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| KEVIN FELTS (#45128-079) | DOCKET NO. 1:13-CV-2605; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is *Pro se* petitioner Kevin Felts petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Felts is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks the length and imposition of his sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

On December 3, 2007, Petitioner Kevin Felts was convicted of conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h), money laundering in violation of 18 U.S.C. §1956(a)(2)(A) and (B)(i), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). U.S. v. Felts, 579 F.3d 1341 (11th Cir. 2009). The district court sentenced Felts to 210 months imprisonment, three years supervised release, and a $20,000 fine. Id. The conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals. Id.

His first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was denied on January 20, 2011 as untimely. [2:05-cr-21 (N.D.Ga.), Doc. #386/387]  Petitioner then filed three successive motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. [2:2011-cv-00005 (N.D.Ga.), 2:2011-cv-00239 (N.D.Ga.), 2:2012-cv-00204 (N.D.Ga.)  The motions were all denied and disissed because petitioner did not first obtain authorization from the relevant court of appeals to file a successive motion.  [Id.]  Petitioner sought review in the 11th Circuit Court of Appeals, but his motion for certificate of appealability was denied.  [12-16535 (11th Cir.), Order, 6/19/13]

On June 20, 2013, Petitioner filed a habeas petition pursuant to 28 U.S.C. §2241 in the Eastern District of Texas, claiming that the district court of conviction exceeded its criminal jurisdiction as defined by the Constitution of the United States and the relevant statutes.  Felts v. Vasquez, 2014 WL 174347 (E.D.Tex.). The district court dismissed the petition because it attacked the legality of his conviction rather than the manner in which the sentence was being executed, and Petitioner did not meet the elements of Section 2255's Savings Clause.  Id.

Petitioner next filed the 2241 petition that is now before this Court.  In this petition, he challenges the legality of his sentence, claiming that it included enhancements that were beyond the statutory prescribed mandatory minimum and were not submitted

to a jury to be found beyond a reasonable doubt. [Doc. #1] He asks that his sentence be vacated and that a lesser sentence be imposed. [Doc. #1]

## Law and Analysis

As the district court in the Eastern District of Texas previously pointed out to Petitioner, habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000); Felts v. Vasquez, 2014 WL at *2. A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Felts v. Vasquez, citing Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner is not challenging the manner in which his sentence is being executed; rather, he is challenging the length and legality of the sentence imposed in another district court. Therefore, Petitioner's claim should be raised in a §2255 Motion to Vacate, which must bef iled in the district where Petitioner was sentenced. Id., citing Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987).

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking the conviction only if it appears that

the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective. See Tolliver, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a Section 2241 petition in connection with Section 2255's savings clause. See Felts v. Vasquez, at *2; Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). In Reyes-Requena, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Id.

In order to satisfy the first prong of the test, the petitioner must show that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. See id.; Jeffers, 253 F.3d at 830-31. Petitioner claims that the Supreme Court case of Alleyne v. U.S.,

4

--- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), satisfies the first prong of the Savings Clause. The Fifth Circuit Court of Appeal addressed this argument in In re Kemper, 735 F.3d 211 (5th Cir. 2013), noting that, "In Alleyne, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt." See id., (citing Alleyne, 133 S.Ct. at 2163). "Alleyne is a direct criminal appeal, see Alleyne, 133 S.Ct. at 2155-56, and therefore did not involve a retroactive application of a rule on collateral review." Id. Moreover, the Fifth Circuit noted, the Supreme Court *did not declare that Alleyne applies retroactively on collateral review*. Id.

Because Alleyne does not apply retroactively to cases on collateral review, Petitioner cannot meet the first prong of the Savings Clause of Section 2255.

**As the district courts in the Northern District of Georgia and Eastern District of Texas, as well as the Eleventh Circuit Court of Appeals, have already instructed Petitioner, before filing a second or successive petition, Felts must get approval from the appropriate court of appeals. The instant petition for writ of habeas corpus should be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).**

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of

5

Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider these claims.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of March, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE